**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL A. MANNS,**

      **Plaintiff,**

                                          **Case No. C2:09-cv-816**
    **vs.**                                       **Judge Edmund A. Sargus, Jr.**
                                        **Magistrate Judge E.A. Preston Deavers**

**HONDA OF AMERICA MFG., INC.,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

In this employment action, Plaintiff, Michael A. Manns, alleges that Defendant, Honda of

America MFG., Inc., terminated him in violation of the Family and Medical Leave Act, 29

U.S.C. § 2601 *et seq*. Plaintiff also asserts state law claims for disability discrimination in

violation of Ohio Revised Code § 4112.02(A); intentional infliction of emotional distress;

negligent hiring, supervision, and retention; defamation; and invasion of privacy. This matter is

before the Court for consideration of Plaintiff's untimely response (ECF No. 20) to this Court's

Show Cause Order (ECF No.18). Plaintiff requests an unspecified amount of time to effectively

stay his involvement in this case. Defendant opposes any continuance and requests dismissal

under Federal Rule of Civil Procedure 41(b). (ECF No. 21.) For the reasons that follow, the

undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's request for a continuance and

**GRANT** Defendant's request for dismissal pursuant to Rule 41(b), **DISMISSING** Plaintiff's

action **WITH PREJUDICE**.

**I.**

Defendant Honda terminated Plaintiff in July 2008 after he tested positive for drugs. According to Plaintiff's Complaint, he suffered headaches and back pain that led to dependancy problems with prescribed medications. In June 2008, Plaintiff alleges he was weaning himself from the pain medications using outdated prescription medications. He further alleges that his doctor was aware that he was using outdated prescription medications in an effort to wean himself from the drugs. In June 2008, Defendant forced Plaintiff to undergo a drug test. Defendant accused Plaintiff of altering the test and terminated him.[1] A peer review panel reinstated Plaintiff on a last chance basis on June 25, 2008. Honda then tested Plaintiff for drugs again, while he was on vacation, and terminated him when he tested positive for the prescription narcotic Oxycodone.

In June 2009, Plaintiff filed the instant action in the Northern District of Ohio. Following Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue (ECF. No. 5), the Northern District transferred the case to this Court. The Court scheduled a status conference for June 28, 2010, in which Plaintiff's presence was required. Plaintiff failed to appear. Plaintiff's counsel informed the Court that Plaintiff was unable to attend because he was incarcerated. Counsel for Defendant revealed information obtained in discovery that suggests Plaintiff has been less than forthcoming, at best, regarding his drug use, medical treatment, and health care providers, or, at worst, has outright falsified legal documents. Plaintiff's counsel subsequently moved to withdraw, citing Plaintiff's failure to fulfill financial obligations and Plaintiff's

---

[1]Defendant states that it made four attempts to obtain a valid urine sample. Defendant asserts that the first two samples were cold, indicating that they were not fresh, and the third was determined not to be human urine.

insistence "on maintaining a course of action with which undersigned counsel has a fundamental disagreement."  (Mot. to Withdraw as Counsel 2, ECF No. 16.)

Having granted Plaintiff's counsel's motion to withdraw, the Court required Plaintiff to either retain new counsel or indicate to the Court in writing that he intended to proceed without counsel by July 22, 2010.  Plaintiff failed to comply with this deadline.  The Court scheduled another status conference for July 22, 2010, requiring Plaintiff's attendance.  Without providing any explanation or notice, Plaintiff again failed to appear.  Consequently, the Court then ordered Plaintiff to show cause by August 5, 2010, as to why his case should not be dismissed for failure to prosecute.  Plaintiff failed to respond within the time required.  Then, on August 22, 2010, more than two weeks after the show cause deadline expired, Plaintiff submitted a letter to the Court, asking that his case not be dismissed.  He asserted that he missed the June 28 status conference because he was incarcerated on a bench warrant for a traffic ticket which he represented was "not at all relevant to this case."  (Pl.'s Show Cause Response 1, ECF No. 20.) Plaintiff also represented that since his release from prison he had been staying with his father in Alabama and that he intended to enter a six-month, faith-based treatment center.  He apologized for his failure to appear in Court and the timeliness of his response, indicating that he had his "mail forwarded from Ohio and it took longer to receive."  (*Id.*)  Plaintiff asked the court for a continuance so that he could "take the much needed time to get [his] life back in order."  (*Id.*)

On September 9, 2010, Defendant filed a Memorandum in Opposition to Plaintiff's Show Cause Order.  (ECF No. 21.)  Defendant asserts that Plaintiff's representation that his incarceration is not relevant is incomplete and misleading.  Defendant directs the Court to police and court records.  These records demonstrate that Plaintiff was charged with driving under the

influence on three separate occasions within a two-week period, in Hardin County, Ohio, on December 31, 2009, again in Hardin County on January 12, 2010, and again in Logan County, Ohio, on the following day, January 13, 2010.  The court records indicate that Plaintiff's wife informed the police officer that Plaintiff had been on a heroin binge.  As a result of the January 13, 2010 arrest, Plaintiff was required to attend a March 23 court date, which he failed to attend. Due to his failure to attend his court date, the judge issued a warrant for his arrest.  That warrant was executed on March 28, and Plaintiff was taken into custody.  As a result of the December 31, 2009 and January 12, 2010 arrests, Plaintiff was first incarcerated in the Multi-County Correctional Facility (which serves Hardin and Marion counties) to serve out those sentences from March 28 to June 8, 2010.  He was then transferred to the Logan County jail and was held there until his July 29, 2010 trial date for the January 13 arrest, pursuant to the bench warrant. Court records also indicate that Plaintiff was recently indicted for allegedly trafficking heroin in the vicinity of a school and/or juvenile.  There is an outstanding warrant in Ohio for his arrest.

Defendant asserts that to the extent the Court construes Plaintiff's response as requesting additional time, the Court should deny such a request because Plaintiff has failed to show excusable neglect.  Defendant requests that the Court dismiss Plaintiff's action with prejudice pursuant to Rule 41(b).  Plaintiff has not responded to Defendant's request for dismissal.

## II.

Under the circumstances presented in the instant case, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute or comply with rules or court orders is expressly recognized in Rule 41(b), which provides in

pertinent part:  "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The United States Court of Appeal for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, the undersigned concludes that the record amply demonstrates such willfulness, bad faith, or fault.  Plaintiff has failed to offer any legitimate reason for his disregard of most of the deadlines set by this Court.  He offers no real excuse for his failure to notify the Court that he was proceeding without an attorney by the July 22 deadline, his failure to appear at the July 22 status conference, or to respond to the Show Cause Order by August 5.  Plaintiff references his

-5-

incarceration, but he was released on June 29, several weeks before the July 22 deadline and status conference. Plaintiff's letter also contains vague statements about difficulties with his mail being forwarded, but he never in fact says that he did not receive notice of the Court's orders in time to comply with them. Moreover, the timing of the Court's Order directing Plaintiff to appear at the July 22 status conference, which was issued *prior* to Plaintiff's purported departure to Alabama, belies any suggestion that his failure to comply with the Order was due to mail-forwarding issues. Regardless, Plaintiff has an obligation to be diligent in prosecuting his case, which requires Plaintiff to regularly check the docket and to apprise the Court of any changes in his contact information. *See e.g., Barber v. Runon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (noting that the plaintiff "had an affirmative duty to supply the court with notice of any and all changes in her address"); *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (same). *Torrance v. Aspirecard.Com, Inc.*, No. 1:09-cv-645, 2010 WL 3782167, at *1, (S.D. Ohio Sept. 28, 2010) (citations omitted) (finding that the *pro se* litigant's failure to keep the Court apprised of his current address demonstrated a lack of prosecution of his action); *Pruitt v. Ohio*, No. 1:10-cv-313, 2010 WL 2620804, at *1 (S.D. Ohio June 25, 2010) (citations omitted) (holding that a litigant's "failure to keep the Court apprised of his current address does not excuse an untimely filing"). Additionally, when Plaintiff offered his incarceration as an excuse for missing one of the status conferences, he falsely claimed that his incarceration was not at all relevant to this case. His assertions of irrelevance are belied by the fact that he was in jail awaiting trial for driving under the influence of drugs, an offense related to Defendant's asserted reason for terminating him. Finally, Plaintiff has failed offer any response to Defendant's request for dismissal under Rule 41(b).

As to the second consideration, the undersigned finds that Plaintiff's conduct results in prejudice to Defendant.  "[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'"  *Schafer*, 529 F.3d at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).  Defendant has expended resources preparing for and attending the two status conference at which Plaintiff failed to appear.  Further, the time period for discovery and dispositive motions has passed.  Even if the Court were to extend these deadlines, Defendant will continue to be prejudiced because Plaintiff will be unavailable for deposition and discovery for the duration of his six-month treatment at a drug treatment facility, which he may or may not have entered, and possibly longer due to the fact that he faces felony drug trafficking charges.

As for the third factor—proper notice—the undersigned finds that the Court's July 22, 2010 Show Cause Order, ordering Plaintiff to show cause within fourteen days why his case should not be dismissed with prejudice pursuant to Rule 41(b), provided Plaintiffs with adequate notice of the Court's intention to dismiss and supplied Plaintiffs with a reasonable period of time to comply with the Order.  Plaintiff failed to timely respond to the Show Cause Order, and when he did submit his belated response, he failed to establish excusable neglect for filing it in an untimely fashion or for missing most of the other deadlines.  Further, Defendant has requested that the Court dismiss this action pursuant to 41(b).  Defendant's request, coupled with the Court's warning in the July 22, 2010 Show Cause Order demonstrates that Plaintiff was on notice that the Court was considering dismissal of this action.  *See Hood v. Smith's Transfer Corp.*, 1999 WL 685920, *3 (6th Cir. 1999) (quoting *Harmon,* 110 F.3d at 367) ( "[W]here a

-7-

party files a motion to dismiss, 'there can be no argument that [the plaintiff] was without notice that the district court was contemplating dismissal of his complaint.'").

Finally, the undersigned concludes that the sanction of dismissal is warranted in the instant case.  Given the Court's finding of contumacious conduct and prejudice, coupled with expired discovery and dispositive motion deadlines, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's request for a continuance (ECF No. 20) and **GRANT** Defendant's request for dismissal pursuant to Rule 41(b) (ECF No. 21), **DISMISSING** Plaintiff's action **WITH PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to Plaintiff at 1849 South U.S. Highway 29, Troy, Alabama, 36079.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 29, 2010            *  /s/ Elizabeth A. Preston Deavers  *
                                                     **ELIZABETH A. PRESTON DEAVERS**
                                                     **UNITED STATES MAGISTRATE JUDGE**